MEMORANDUM **
California state prisoner James Edward Bowell appeals pro se from the district court’s judgment dismissing for failure to exhaust administrative remedies his 42 U.S.C. § 1983 action alleging excessive force by a prison official. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Albino v. Baca, 747 F.3d *664 1162, 1171 (9th Cir.2014) (en banc). We affirm.
The district court properly concluded that Bowell failed to exhaust his administrative remedies because Bowell did not exhaust his grievance to the final level of review or demonstrate that administrative remedies were effectively unavailable to him. See Woodford, v. Ngo, 548 U.S. 81, 85, 93-95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that “proper exhaustion” is mandatory and requires adherence to administrative procedural rales); Sapp v. Kimbrell, 623 F.3d 813, 823-24 (9th Cir.2010) (for administrative remedies to be effectively unavailable, “the inmate must establish (1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations”).
Bowell’s request for publication, filed on January 31, 2014, is denied.
Bowell’s request for appellate counsel, set forth in his opening brief, is denied.
Appellee’s motion to strike Bowell’s “Supplemental Clarification” is granted.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.